Estate of Harry Barney, Deceased, Henrietta J. Warren, Administratrix v. Commissioner.
Estate of Harry Barney v. Commissioner
Docket No. 8958.
United States Tax Court
1947 Tax Ct. Memo LEXIS 149; 6 T.C.M. (CCH) 818; T.C.M. (RIA) 47190; July 8, 1947
*149 Joseph R. Doherty, Esq., 1607 Oliver Bldg., Pittsburgh, Pa., for the petitioner. Homer F. Benson, Esq., for the respondent. HARRON Memorandum Opinion HARRON, Judge: The respondent determined a deficiency in the income tax liability of Harry Barney, deceased, for the year 1941 in the amount of $2,245.16. Certain adjustments are not contested. Petitioner challenges the determination of the respondent that certain earnings of a joint venture known as Bowling, Barney and Niemeier, Associates, were taxable to a corporation known as Barney Machinery Company, and that sums which Harry Barney, deceased, received as his share of earnings of the joint venture constituted dividends from Barney Machinery Company. The income tax return for the year 1941 of Harry Barney, deceased, was filed with the collector for the twenty-third collection district of Pennsylvania. Opinion The decedent, Harry Barney, was the president of Barney Machinery Company, located in Pittsburgh, in 1940 and 1941. During those years he was, also, associated with W. S. Bowling and Russell Niemeier in a venture in which the three men considered themselves as Associates in a joint undertaking to design *150 special lathes for processing shells for munitions, and other special machine tools to be used in the production of war materials. Associates made contracts with Barney Machinery Company, and other contracts were made with manufacturers to which Barney Machinery Company was a party. The facts relating to the undertakings of Bowling, Barney, and Niemeier, Associated, and to the participation and services of Barney Machinery Company are set forth in the report on the proceedings of the Barney Machinery Company, Docket No. 8780, and Russell C. Niemeier, Docket No. 8950, consolidated for trial and report. The petitioner in this proceeding has agreed that the record made at the trial of the above-entitled proceedings may be taken as the record in this proceeding. Accordingly, the Findings of Fact in the report of those cases, to the extent that they relate to the joint venture in the manufacture and sale of B. & B. Special Machines, may be adopted as the Findings of Fact in this proceeding; and they are so adopted as Findings of Fact in this case and are incorporated herein by this reference. The petitioner has agreed, further, that the holding made by this Court under the first issue *151 in the proceeding of Barney Machinery Company, Docket No. 8780, is dispositive of the issue which is to be decided in this case, just as the petitioner, Russell C. Niemeier, has agreed in Docket No. 8950. Petitioner in this case considered it preferable not to agree to consolidate this proceeding with that of Barney Machinery Company, Docket No. 8780. Accordingly, the holding under the issue here is as follows: Since there was a joint venture consisting of Bowling, Barney and Niemeier, separate from Barney Machinery Company, the earnings of Associates were distributable and were taxable to each of the individuals constituting the Association. The decedent, Harry Barney, was the person to whom part of the earnings of Associates was taxable. The corporation, Barney Machinery Company, was not a member of the joint venture. Therefore, the respondent erred in treating part of the earnings of Associates as earnings of Barney Machinery Company, and in treating the earnings which were distributed to Harry Barney, deceased, as dividends paid to him from the corporation. It follows that respondent erred in making the determinations involved in this proceeding. The income tax liability of Harry *152 Barney, deceased, for the year 1941, which is the only year involved in this proceeding, should be recomputed in accordance with the determination made by the Court in Barney Machinery Company, Docket No. 8780, under the first issue. Decision will be entered under Rule 50.